Harris
*v.*
Brooks.

## DARWIN D. BAXTER *versus* CALEB RICE.

Where articles of personal property are attached on mesne process, it is important that the officer's return should describe them with a good degree of exactness and particularity, in order to show their identity.

Where such a return was in very general terms, but there existed ample materials for amending it, an action of trespass brought against the sheriff for taking the goods was continued by this Court, in order that the sheriff might apply to the Court of Common Pleas, who had the custody of the record, for leave to amend the return.

TRESPASS against the sheriff of Hampden, for taking and carrying away certain goods of the plaintiff. The defendant alleges that the property in the goods taken was in one Henry C. Baxter, and justifies under a writ of attachment in favor of Curtis and Meriam against Henry C. Baxter and one Moulton. The return of William H. Foster, the deputy of Rice,

upon that writ, was, that on the 25th of November, 1837, he " attached a store of goods, the property of the withinnamed Baxter and Moulton," &c.   The plaintiff claimed the goods by virtue of a bill of sale from Henry C. Baxter, made subsequently to the attachment.   If in the opinion of the Court the return was insufficient, the case was to stand continued, to give the defendant an opportunity to apply to the Court of Common Pleas for leave to amend his return, if in the opinion of this Court any amendment of the return could avail the defendant.

The defendant now put into the case the affidavit of Foster, in which he states, that he was the officer who served the writ in favor of Curtis and Meriam ; that he levied the execution issued in that suit, upon the same property which had been attached by him on the original writ ; that when he made the attachment he took a lease of the store where the goods were kept, and that they remained there in his possession, until he seized them on the execution ; that he did not particularly describe them in his return upon the writ, because he had not then taken an inventory of them ; and that the inventory annexed to the execution and making part of his return thereon, was taken before any one of the articles was removed from the store.

*Jan.* 29*th,*
1839,
*at Boston.*

*L. Williams,* for the defendant, said, that as the officer is by law to keep possession of goods attached, a particular description of them is unnecessary, and the return was sufficient ; that the object of specifying the goods in the return must be to identify them, but it could not produce that effect without the aid of extrinsic evidence ; and that here there could be no doubt of the identity.   *Welsh* v. *Joy,* 13 Pick. 477 ; *Taylor* v. *Mixter,* 11 Pick. 341.   But if this return is insufficient, the officer should be permitted to amend.   *Thatcher* v. *Miller,* 11 Mass. R. 413 ; *Welles* v. *Battelle,* 11 Mass. R. 481 ; *Adams* v. *Robinson,* 1 Pick. 461.

*Abbot, Farley* and *Abbot* junior, for the plaintiff, said, that the return on the writ must necessarily be used by the officer in his defence, and it ought to give some information as to the property attached ; that where the articles are very numerous, it should classify them at the least ; *Oystead* v. *Shed,* 12 Mass. R. 513 ; and that it was unreasonable to delay the cause for

the purpose of giving the defendant an opportunity to apply to the lower court for leave to amend the return.

SHAW C. J. delivered the opinion of the Court. The sheriff justifies in trespass *de bonis asportatis*, under an attachment on mesne process made by his deputy, and a return thereon, and the objection is, that the return contains no sufficient description of the goods. It is highly important, upon grounds of public policy, that a good degree of exactness and particularity should be observed, in returns on mesne process, to show their identity, and thereby more definitely to fix the rights and responsibilities of all parties, in relation to them. But, from the nature of the subject, it is difficult to lay down a precise general rule.

In the present case, we have not thought it necessary to express any opinion upon the sufficiency of the return, because there appear to be ample materials for amending it ; and upon the facts shown by the officer's affidavit, we think it a fit case for an application to the Court of Common Pleas, who have the custody of the record, for leave to amend the return ; and the cause will be continued for that purpose.